# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
TROY SIDDONS,

                           Plaintiff,

--against--

THE CITY OF NEW YORK et al.,

                        Defendants.
---------------------------------------------------------------X

**PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF UNDISPUTED FACTS PURSUANT TO LOCAL CIVIL RULE 56.1**

17-CV-4017 (LDH) (RLM)

## PLAINTIFF'S LOCAL RULE 56.1(B)(3) RESPONSE TO DEFENDANTS' LOCAL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS & LOCAL RULE 56.1(B)(3)(C) STATEMENT OF ADDITIONAL FACTS REQUIRING THE DENIAL OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

        Plaintiff, by and through his attorneys, Drummond & Squillace, PLLC, hereby submits his Local Rule 56.1(b)(3) Response to Defendants' Local Rule 56.1 Statement of Undisputed Material Facts and his Local Rule 56.1(B)(3)(C) Statement of Additional Undisputed Material Facts Requiring the Denial of Defendant's Motion for Summary Judgment as follows:

        1.      On March 9, 2015, Plaintiff filed a complaint alleging, *inter alia*, that on March 3, 2015, while a NYC Department of Corrections inmate, Plaintiff was fed food containing rat poison by employees of the NYC Department of Corrections. ("Siddons I"). See Plaintiff's complaint, dated March 9, 2015 in Troy Siddons et al. v. The City of New York et al., 15-CV-1198 (RRM) VVP) ("Siddons I Complaint"), annexed to the Declaration of W. KeAupuni Akina dated November 14, 2017 ("Akina Decl.") as Exhibit "A".

        **Response:** Undisputed.

2. On July 6, 2017, Plaintiff filed a complaint in the instant matter, alleging, *inter alia*, that on September 26, 2015, he was assaulted by several Department of Corrections officers. ("Siddons II"). See Plaintiff's complaint, dated July 6, 2017, in Troy Siddons v. The City of New York et al., 17-CV-4017 (LDH) (RLM) ("Siddons II Complaint"), Dkt. No. 1, annexed to the Akina Decl. as Exhibit "B".

**Response:** Undisputed.

3. Plaintiff was represented by the law firm of DRUMMOND & SQUILLCE, PLLC in the 2015 matter. Siddons I.

**Response:** Undisputed.

4. Plaintiff is represented by the law firm of DRUMMOND & SQUILLACE, PLLC in the instant matter, Siddons II.

**Response:** Undisputed.

5. On May 31, 2017, Plaintiff signed a Waiver and General Release with the City of New York, whereby the City agreed to pay plaintiff a sum of $17,650 to settle and fully satisfy all of his claims against the City and its employees. As part of the Waiver and General Release, Plaintiff agreed to release the City of New York, the Department of Corrections, and all of their present and former employees "from any and all liability, claims, demands, causes of action, obligations, damages, grievances and liabilities whatsoever of every kind and nature, at law or in equity, whether joint or several, whether known or unknown, and whether or not discoverable which I may have resulting from anything which has happened from the beginning of the world up to now...and including but not limited to all claims for attorneys' fees, expenses and costs." See Waiver and General Release, dated May 31, 2017, ("General Release"), annexed to the Akina Declaration as Exhibit "C".

**Response:** Disputed in part. That Plaintiff did sign a Waiver and General Release with the City of New York on May 31, 2017 regarding "Siddons I", but that such Waiver and General Release did not settle and fully satisfy the instant claims against the City and its employees, as such a result was not bargained for or intended by either party, and Plaintiff could not have brought the instant claims in the prior action. That Defendant here has also omitted language from the prior Waiver and General Release supporting Plaintiff's position that the instant claims were not encompassed by the prior release, as the language specifically refers to a waiver of any claims "...which any of the Settling Plaintiffs may have resulting from anything which has happened from the beginning of the world to the date of his General Release, including, but not limited to, any and all liability, claims, or rights of action which were or could have been alleged by any of the Settling Plaintiffs in the aforementioned action **arising out of the events alleged in the Complaint and/or Amended Complaint in this action** and including but not limited to all claims for attorneys' fees, expenses, and costs." (emphasis added).

6. On August 25, 2017, a Stipulation and Order of Settlement and Dismissal with Prejudice, so ordered by District Judge Roslynn R. Mauskopf, was filed in Siddons I. See Stipulation and Order of Settlement and Dismissal, dated August 25, 2017 ("Stipulation and Order") annexed to the Akina Decl. as Exhibit "D".

**Response:** Undisputed.

7. As part of the Stipulation and Order, JoAnn Squillace, Esq. of DRUMMOND & SQUILLACE, PLLC, agreed, on behalf of Plaintiff and all other settling plaintiffs, to release the City of New York, the Department of Corrections, and all of their present and former employees "from any and all liability, claims, demands, causes of action, obligations, damages,

3

grievances and liabilities whatsoever of every kind and nature, at law or in equity, whether joint or several, whether known or unknown, and whether or not discoverable, which any of the Settling Plaintiffs may have resulting from anything which has happened from the beginning of the world to the date of his General Release, including but not limited to, any and all liability, claims or rights or action which were or could have been alleged…and including, but not limited to all claims for attorneys' fees, expenses and costs." See Akina Decl., Exhibit D "Stipulation and Order".

**Response:** Disputed in part. That as part of the Stipulation and Order, JoAnn Squillace, Esq. of DRUMMOND & SQUILLACE, PLLC agreed on behalf of Plaintiff and all other settling plaintiffs to release the aforementioned defendants from liability/claims/causes of action related to/arising from the incident alleged in the prior complaint, but that such Stipulation and Order did not settle and fully satisfy the instant claims against the City and its employees, as such a result was not bargained for or intended by either party, and Plaintiff could not have brought the instant claims in the prior action. That Defendant here has also omitted language from the prior Stipulation and Order supporting Plaintiff's position that the instant claims were not encompassed by the prior Stipulation and Order and Waiver and General Release, as the language specifically refers to a waiver of any claims "…which any of the Settling Plaintiffs may have resulting from anything which has happened from the beginning of the world to the date of his General Release, including, but not limited to, any and all liability, claims, or rights of action which were or could have been alleged by any of the Settling Plaintiffs in the aforementioned action **arising out of the events alleged in the Complaint and/or Amended Complaint in this action** and including but not limited to all claims for attorneys' fees, expenses, and costs." (emphasis added).

4

8. On September 26, 2015, and on May 31, 2017, each of the individually named defendants in Siddons II were employees of the City of New York.

**Response:** Plaintiff lacks sufficient knowledge to respond to this statement, as discovery has not been conducted/is incomplete at this time, and Plaintiff thus cannot know whether the individual officers named in the present action were employed both on September 26, 2015, and on May 31, 2017.

9. On November 13, 2017, the New York City Comptroller's Office issued a payment to Plaintiff with regard to the above described General Release and Stipulation and Order from Siddons II.

**Response:** Undisputed.

10. As such, the General Release executed by Plaintiff in Siddons I bars all causes of action against the named defendants in Siddons II.

**Response:** Disputed. That the General Release from Siddons I does not bar the instant causes of action, as such a result was not bargained for nor intended by the parties, and as Plaintiff's instant claims could not have been brought or alleged in the prior action, as they occurred months after the incident in Siddons I, after the Notice of Claim had been filed in Siddons I, and they occurred in a completely different facility with completely different actors.

### Local Rule 56.1(b)(3)(C) Statement of Additional Facts

Plaintiff hereby asserts and submits the following undisputed additional material facts that require denial of Defendants' Motion for Summary Judgment:

1. Plaintiff was also a Plaintiff in an action stemming from an incident that occurred in March 2015, involving a group of approximately twenty (20) Plaintiffs who were inmates at Anna M. Kross Correctional Center (AMKC) at Rikers Island based on allegations

that these Plaintiffs were served food that had been tainted with rat poison, and that a Notice of Claim on that matter was filed in June 2015. ("Siddons I"). See Plaintiff's complaint, dated March 9, 2015 in Troy Siddons et al. v. The City of New York et al., 15-CV-1198 (RRM) VVP) ("Siddons I Complaint"), annexed to the Declaration of W. KeAupuni Akina dated November 14, 2017 ("Akina Decl.") as Exhibit "A".

2. Plaintiff's instant claim arose based on serious personal injury/use of excessive force which occurred at Otis Bantum Correctional Center at Rikers Island on September 26, 2015, six months after the incident alleged in Siddons I, and four months after the Notice of Claim had been filed in Siddons I.

3. Plaintiff's instant claim is wholly unrelated to the cause of action alleged in Siddons I, and involves completely different actors/individuals and wholly separate events that occurred in an entirely different location.

4. As Plaintiff's current claims are not "…arising out of the same transaction, occurrence, or series of transactions or occurrences…" as the claims in Siddons I, and no "…question of law or fact common to all defendants…" exist with regards to the claims in Siddons I and Siddons II, the instant claims in Siddons II could not reasonably have been asserted in Siddons I.

5. The Waiver and General Release in Siddons I was a form release that included the same language for all of the approximately twenty (20) Plaintiffs in Siddons I.

6. That same Waiver and General Release stated that Plaintiffs released Defendants in Siddons I from liability from claims Plaintiffs may have had against same Defendants specifically "…any and all liability, claims, or rights of action which were or could have been alleged by any of the Settling Plaintiffs in the aforementioned action arising

out of the events alleged in the Complaint and/or Amended Complaint in this action and including but not limited to all claims for attorneys' fees, expenses, and costs".

7. As such, Plaintiff's current claims in Siddons II are not encompassed within the Waiver and General Release executed pursuant to Siddons I.

8. The settlement on Siddons I was negotiated by JoAnn Squillace and Assistant Corporation Counsel Omar Tuffaha.

9. Assistant Corporation Counsel Omar Tuffaha was entirely unaware of Plaintiff's instant claims during the negotiation of the settlement in Siddons I, and in fact was still unaware of these claims as recently as November 16, 2017.

10. JoAnn Squillace and Assistant Corporation Counsel Omar Tuffaha never discussed the present claims/allegations in Siddons II, and did not bargain for such to be included in the settlement/resolution of Siddons I.

11. As such, Plaintiff's current claims in Siddons II are not encompassed within the Waiver and General Release executed pursuant to Siddons I.

Dated:   Jamaica, NY
         December 4, 2017

                                                   Respectfully Submitted,

                                                   JENNA DICOSTANZO, ESQ. (JS 1127)
                                                   DRUMMOND & SQUILLACE, PLLC
                                                   Attorneys for the Plaintiff
                                                   175-61 Hillside Avenue Suite 205
                                                   Jamaica, New York 11423
                                                   (718) 298-5050

Cc:   W. KeAupuni Akina
      Assistant Corporation Counsel
      Attorney for Defendants City of New York, Ponte, Hall and Jackson